# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

MICHAEL C. HAVILL,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C07-3005-PAZ

**ORDER**

_____

This matter is before the court following remand for further proceedings. The plaintiff Michael C. Havill seeks judicial review of a decision by an administrative law judge ("ALJ") denying his applications for Title XVI supplemental security income ("SSI") and Title II disability insurance ("DI") benefits. On September 17, 2004, the court entered an order reversing a previous decision denying Havill's disability claim, and directing further proceedings. *Havill v. Barnhart*, 2004 WL 2095567 (N.D. Iowa. Sept. 14, 2004). In that case, the court held as follows:

> The court has reviewed the Record and the parties' briefs carefully, and has considered each of Havill's arguments. The court is not persuaded by any of Havill's objections to the ALJ's findings. The ALJ conducted a thorough review of the record, and fairly weighed the evidence. The court finds the ALJ's credibility assessment and his determination of Havill's residual functional capacity to be supported by substantial evidence in the record.
>
> However, the court also finds the ALJ's conclusion was in error to the extent the ALJ relied on the VE's testimony. As noted in the Commissioner's motion for remand and her brief on the merits, the jobs listed by the VE (*i.e.*, inspector and hand packager, small products assembler, and cashier II) all require frequent handling, according to the Dictionary of Occupational Titles. The ALJ's residual functional capacity determination included a limitation that Havill can handle with

> his left upper extremity only occasionally. Thus, remand is appropriate for the ALJ to obtain additional vocational expert testimony to determine whether Havill can perform jobs that are consistent with all of his limitations as set forth in the ALJ's residual functional capacity determination.

*Id.* at *14.

In the present case, both Havill and the Commissioner agree that upon remand, the ALJ *again* erred in relying on vocational expert testimony that did not consider the full breadth of Havill's limitations as found by the ALJ. *See* Doc. Nos. 7 & 9. Havill initially argued the case should be remanded for immediate calculation and payment of benefits. *See* Doc. No. 7. However, after reviewing the Commissioner's brief, Havill concurred that remand for further hearing is appropriate, and he has filed a motion for remand. Doc. No. 10.

The court has conducted the required plenary review of the record and finds remand is appropriate. *See Hanson v. Chater*, 895 F. Supp. 1279, 1282-83 (N.D. Iowa 1995) ("Absent a judgment or substantive ruling in the case, a remand is not permitted under sentence four of 42 U.S.C. § 405(g).") (citing *Shalala v. Schaefer*, 509 U.S. 292, 299-300, 113 S. Ct. 2625, 2630, 125 L. Ed. 2d 239 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163, 115 L. Ed. 2d 78 (1991)). However, the court further finds it would not serve the interests of justice to have Havill's case go through the entire hearing process again. ALJ John P. Johnson has now issued two decisions, one dated November 27, 2002, and a second, following the remand, dated August 25, 2005. It has now been nearly two-and-a-half years since the post-remand hearing was completed. Havill filed his initial applications for benefits on April 20, 2001, nearly *seven years ago*. The court finds further protracted delay would be unconscionable.

In both of the ALJ's decisions, he made substantially similar residual functional capacity assessments regarding Havill's abilities. In the court's previous opinion, the court found the ALJ's RFC assessment of November 27, 2002, to be supported by substantial

evidence.  The court finds nothing in the post-remand record to alter that decision.  Consequently, the court finds the ALJ could convene a new hearing for the *sole* purpose of questioning a vocational expert regarding whether Havill "can perform jobs that are consistent with all of his limitations as set forth in the Administrative Law Judge's residual functional capacity determination" – the very purpose recognized by the ALJ in his August 25, 2005, decision.  *See* R. 399.  Following the hearing, the ALJ should be able to prepare a decision in the case quickly; the only matter that will be subject to amendment from the ALJ's previous opinion will be the vocational expert's testimony regarding Havill's ability to work, considering *all* of his limitations.

The court further finds this process should be completed without further delay.  The scope of the new hearing is extremely narrow.  The ALJ already has held that Havill cannot return to his past work.  The only matter for inquiry is whether Havill can perform other work that exists in significant numbers in the economy, given his limitations as previously found by the ALJ.  Absent extraordinary circumstances, there is no justifiable reason for another two-and-a-half year delay before this matter returns to the court, should the ALJ once again deny Havill's claim for benefits.

The motion for remand is **granted**.  Judgment will be entered in favor of Havill and against the Commissioner, and this case is **reversed and remanded** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

**DATED** this 10th day of January, 2008.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT